1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-0631
7       Facsimile: (213) 894-0141
        E-mail:    kathrynne.seiden@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. CR 21-00157-DSF

13            Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
                                       SAIED ZIAFATHY NOBAR
14            v.

15  SAIED ZIAFATHY NOBAR ET AL.,

16            Defendants.

17

18       1.   This constitutes the plea agreement between SAIED ZIAFATHY

19  NOBAR ("defendant") and the United States Attorney's Office for the

20  Central District of California (the "USAO") in the above-captioned

21  case.  This agreement is limited to the USAO and cannot bind any

22  other federal, state, local, or foreign prosecuting, enforcement,

23  administrative, or regulatory authority.

24              DEFENDANT'S OBLIGATIONS

25       2.   Defendant agrees to:

26            a.   At the earliest opportunity requested by the USAO and

27  provided by the Court, appear and plead guilty to a single-count

28  first superseding information in the form attached to this agreement

1  as Exhibit A or a substantially similar form, which charges defendant

2  with possession with intent to distribute fentanyl, a schedule II

3  narcotic drug controlled substance, in violation of 21 U.S.C. §§

4  841(a)(1), (b)(1)(C) (the "superseding information").

5          b.   Not contest facts agreed to in this agreement.

6          c.   Abide by all agreements regarding sentencing contained

7  in this agreement.

8          d.   Appear for all court appearances, surrender as ordered

9  for service of sentence, obey all conditions of any bond, and obey

10 any other ongoing court order in this matter.

11         e.   Not commit any crime; however, offenses that would be

12 excluded for sentencing purposes under United States Sentencing

13 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

14 within the scope of this agreement.

15         f.   Be truthful at all times with the United States

16 Probation and Pretrial Services Office and the Court.

17         g.   Pay the applicable special assessment at or before the

18 time of sentencing unless defendant has demonstrated a lack of

19 ability to pay such assessments.

20         h.   Recommend that defendant be sentenced to a term of

21 imprisonment of no less than 120 months and not seek, argue, or

22 suggest in any way, either orally or in writing, that the Court

23 impose a term of imprisonment below 120 months.

24                        THE USAO'S OBLIGATIONS

25      3.   The USAO agrees to:

26         a.   Not contest facts agreed to in this agreement.

27         b.   Abide by all agreements regarding sentencing contained

28 in this agreement.

                                2

1          c.    At the time of sentencing, move to dismiss the

2    underlying indictment as against defendant.  Defendant agrees,

3    however, that at the time of sentencing the Court may consider any

4    dismissed charges in determining the applicable Sentencing Guidelines

5    range, the propriety and extent of any departure from that range, and

6    the sentence to be imposed.

7          d.    At the time of sentencing, provided that defendant

8    demonstrates an acceptance of responsibility for the offense up to

9    and including the time of sentencing, recommend a two-level reduction

10   in the applicable Sentencing Guidelines offense level, pursuant to

11   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

12   additional one-level reduction if available under that section.

13         e.    Not seek a sentence of imprisonment above the high end

14   of the applicable Sentencing Guidelines range, provided that the

15   offense level used by the Court to determine that range is 35 or

16   higher.  For purposes of this agreement, the high end of the

17   Sentencing Guidelines range is that defined by the Sentencing Table

18   in U.S.S.G. Chapter 5, Part A.

19                          NATURE OF THE OFFENSE

20   4.   Defendant understands that for defendant to be guilty of

21   the crime charged in the single-count superseding information, that

22   is, possession with intent to distribute fentanyl, in violation of 21

23   U.S.C. §§ 841(a)(1), (b)(1)(C), the following must be true:

24         a.    Defendant knowingly possessed N-phenyl-N-[1-(2-

25   phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule

26   II narcotic drug controlled substance; and

27         b.    Defendant possessed the fentanyl with the intent to

28   distribute it to another person.

                                   3

PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

7.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a

4

federal crime for a convicted felon to possess a firearm or
ammunition.  Defendant understands that the conviction in this case
may also subject defendant to various other collateral consequences,
including but not limited to revocation of probation, parole, or
supervised release in another case and suspension or revocation of a
professional license.  Defendant understands that unanticipated
collateral consequences will not serve as grounds to withdraw
defendant's guilty plea.

9.   Defendant and his counsel have discussed the fact that, and
defendant understands that, if defendant is not a United States
citizen, the conviction in this case makes it practically inevitable
and a virtual certainty that defendant will be removed or deported
from the United States.  Defendant may also be denied United States
citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including his attorney or the Court, can predict to an
absolute certainty the effect of his conviction on his immigration
status.  Defendant nevertheless affirms that he wants to plead guilty
regardless of any immigration consequences that his plea may entail,
even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

10.  Defendant admits that defendant is, in fact, guilty of the
offense to which defendant is agreeing to plead guilty.  Defendant
and the USAO agree to the statement of facts provided below and agree

5

1   that this statement of facts is sufficient to support a plea of

2   guilty to the charge described in this agreement and to establish the

3   Sentencing Guidelines factors set forth in paragraph 13 below but is

4   not meant to be a complete recitation of all facts relevant to the

5   underlying criminal conduct or all facts known to either party that

6   relate to that conduct.

7       On December 29, 2019, within the Central District of California,

8   defendant knowingly possessed a controlled substance, namely,

9   fentanyl, with the intent to distribute it to another person.

10      Specifically, on December 29, 2019, M.Z. texted defendant asking

11  if he had any oxy for her to buy.  Defendant agreed to give M.Z. two

12  pills.  Later that evening, defendant's nephew and M.Z.'s estranged

13  husband, codefendant Amir Ziafathy ("Ziafathy"), drove to defendant's

14  home in Los Angeles, California, where defendant gave Ziafathy two

15  pills he knew to contain fentanyl.  Defendant gave Ziafathy the pills

16  with the intent and knowledge that Ziafathy would then give the pills

17  to M.Z.  Ziafathy then drove to M.Z.'s home in Los Angeles,

18  California and gave M.Z. the pills.  Later that night or early the

19  next morning, M.Z. consumed one of the pills containing fentanyl,

20  which resulted in her overdose and death.

21                           SENTENCING FACTORS

22      11.  Defendant understands that in determining defendant's

23  sentence the Court is required to calculate the applicable Sentencing

24  Guidelines range and to consider that range, possible departures

25  under the Sentencing Guidelines, and the other sentencing factors set

26  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

27  Sentencing Guidelines are advisory only, that defendant cannot have

28  any expectation of receiving a sentence within the calculated

6

1   Sentencing Guidelines range, and that after considering the
2   Sentencing Guidelines and the other § 3553(a) factors, the Court will
3   be free to exercise its discretion to impose any sentence it finds
4   appropriate up to the maximum set by statute for the crime of
5   conviction.
6       12.   Pursuant to U.S.S.G. §§ 1B1.2(a) and (c), the parties
7   stipulate that defendant committed a separate violation of 21 U.S.C.
8   § 841(b)(1)(C) (distribution of fentanyl resulting in death), in
9   that, on or about December 29, 2019, defendant knowingly and
10  intentionally distributed fentanyl, the use of which resulted in the
11  death of M.Z., and that such overdose death resulting from
12  defendant's distribution of fentanyl constitutes a more serious
13  offense than the offense of conviction for purposes of calculating
14  the applicable Sentencing Guidelines offense level.  Accordingly,
15  pursuant to U.S.S.G. §§ 2D1.1(a)(2), 1B1.2(a), and 1B1.2(c), the
16  parties stipulate that the Court should calculate the Sentencing
17  Guidelines as if defendant had been convicted of the offense
18  described in this paragraph and apply a base offense level of 38.
19  The parties further stipulate that application of such a base offense
20  level, which is greater than the base offense level that would
21  otherwise apply, is independently supported by U.S.S.G. § 5K2.1.
22  Defendant will not recommend, argue, or otherwise suggest that the
23  court impose a base offense level other than 38.
24      13.   Defendant and the USAO agree to the following applicable
25  Sentencing Guidelines factors:
26      Base Offense Level:            38       U.S.S.G. § 2D1.1(a)(2)
27
28

7

1   Defendant and the USAO reserve the right to argue that additional
2   specific offense characteristics, adjustments, and departures under
3   the Sentencing Guidelines are appropriate.

4       14.   Defendant understands that there is no agreement as to
5   defendant's criminal history or criminal history category.

6       15.   Defendant and the USAO reserve the right to argue for a
7   sentence outside the sentencing range established by the Sentencing
8   Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1).

9                    WAIVER OF CONSTITUTIONAL RIGHTS

10      16.   Defendant understands that by pleading guilty, defendant
11  gives up the following rights:

12            a.   The right to persist in a plea of not guilty.

13            b.   The right to a speedy and public trial by jury.

14            c.   The right to be represented by counsel -- and if
15  necessary have the Court appoint counsel -- at trial.  Defendant
16  understands, however, that, defendant retains the right to be
17  represented by counsel -- and if necessary have the Court appoint
18  counsel -- at every other stage of the proceeding.

19            d.   The right to be presumed innocent and to have the
20  burden of proof placed on the government to prove defendant guilty
21  beyond a reasonable doubt.

22            e.   The right to confront and cross-examine witnesses
23  against defendant.

24            f.   The right to testify and to present evidence in
25  opposition to the charges, including the right to compel the
26  attendance of witnesses to testify.

27

28

                                    8

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

17.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

18.    Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 35, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of

9

probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

20.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 120 months, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

21.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to

10

1  pursue any charge that was either dismissed or not filed as a result

2  of this agreement, then (i) any applicable statute of limitations

3  will be tolled between the date of defendant's signing of this

4  agreement and the filing commencing any such action; and

5  (ii) defendant waives and gives up all defenses based on the statute

6  of limitations, any claim of pre-indictment delay, or any speedy

7  trial claim with respect to any such action, except to the extent

8  that such defenses existed as of the date of defendant's signing this

9  agreement.

10              RESULT OF VACATUR, REVERSAL OR SET-ASIDE

11     22.  Defendant agrees that if the count of conviction is

12  vacated, reversed, or set aside, both the USAO and defendant will be

13  released from all their obligations under this agreement.

14              EFFECTIVE DATE OF AGREEMENT

15     23.  This agreement is effective upon signature and execution of

16  all required certifications by defendant, defendant's counsel, and an

17  Assistant United States Attorney.

18              BREACH OF AGREEMENT

19     24.  Defendant agrees that if defendant, at any time after the

20  signature of this agreement and execution of all required

21  certifications by defendant, defendant's counsel, and an Assistant

22  United States Attorney, knowingly violates or fails to perform any of

23  defendant's obligations under this agreement ("a breach"), the USAO

24  may declare this agreement breached.  All of defendant's obligations

25  are material, a single breach of this agreement is sufficient for the

26  USAO to declare a breach, and defendant shall not be deemed to have

27  cured a breach without the express agreement of the USAO in writing.

28  If the USAO declares this agreement breached, and the Court finds

11

1  such a breach to have occurred, then: (a) if defendant has previously
2  entered a guilty plea pursuant to this agreement, defendant will not
3  be able to withdraw the guilty plea, and (b) the USAO will be
4  relieved of all its obligations under this agreement.

5      25.  Following the Court's finding of a knowing breach of this
6  agreement by defendant, should the USAO choose to pursue any charge
7  that was either dismissed or not filed as a result of this agreement,
8  then:

9          a.   Defendant agrees that any applicable statute of
10 limitations is tolled between the date of defendant's signing of this
11 agreement and the filing commencing any such action.

12         b.   Defendant waives and gives up all defenses based on
13 the statute of limitations, any claim of pre-indictment delay, or any
14 speedy trial claim with respect to any such action, except to the
15 extent that such defenses existed as of the date of defendant's
16 signing this agreement.

17         c.   Defendant agrees that: (i) any statements made by
18 defendant, under oath, at the guilty plea hearing (if such a hearing
19 occurred prior to the breach); (ii) the agreed to factual basis
20 statement in this agreement; and (iii) any evidence derived from such
21 statements, shall be admissible against defendant in any such action
22 against defendant, and defendant waives and gives up any claim under
23 the United States Constitution, any statute, Rule 410 of the Federal
24 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
25 Procedure, or any other federal rule, that the statements or any
26 evidence derived from the statements should be suppressed or are
27 inadmissible.

28

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

26.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

13

1   fulfill all defendant's obligations under this agreement.  Defendant
2   understands that no one -- not the prosecutor, defendant's attorney,
3   or the Court -- can make a binding prediction or promise regarding
4   the sentence defendant will receive, except that it will be within
5   the statutory maximum.

6                      NO ADDITIONAL AGREEMENTS

7        29.  Defendant understands that, except as set forth herein and
8   in any documents executed on today's date and filed with the Court,
9   there are no promises, understandings, or agreements between the USAO
10  and defendant or defendant's attorney, and that no additional
11  promise, understanding, or agreement may be entered into unless in a
12  writing signed by all parties or on the record in court.

13           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

14       30.  The parties agree that this agreement will be considered
15  part of the record of defendant's guilty plea hearing as if the
16  entire agreement had been read into the record of the proceeding.

17  AGREED AND ACCEPTED

18  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
19  CALIFORNIA

20  TRACY L. WILKISON
    United States Attorney
21
22  _____          2/15/2022
    KATHRYNNE N. SEIDEN                         Date
23  Assistant United States Attorney

24  _____          _____
    SAIED ZIAFATHY NOBAR                        Date
25  Defendant

26  _____          _____
    SARA AZARI                                  Date
27  Attorney for Defendant
    SAIED ZIAFATHY NOBAR
28

                                   14

### CERTIFICATION OF DEFENDANT

    I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.


_____     2/14/22
SAIED ZIAFATHY NOBAR                 Date
Defendant

15

1

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2       I am Saied Ziafathy Nobar's attorney.  I have carefully and

3  thoroughly discussed every part of this agreement with my client.

4  Further, I have fully advised my client of his rights, of possible

5  pretrial motions that might be filed, of possible defenses that might

6  be asserted either prior to or at trial, of the sentencing factors

7  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8  provisions, and of the consequences of entering into this agreement.

9  To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  a guilty plea pursuant to this agreement.

16

17  _____        _____
    SARA AZARI                                 Date  8/14/22
    Attorney for Defendant
18  SAIED ZIAFATHY NOBAR

19

20

21

22

23

24

25

26

27

28

16

# EXHIBIT A

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,              CR No. 21-00157(A)-DSF

11                  Plaintiff,              F I R S T
                                            S U P E R S E D I N G
12                  v.                      I N F O R M A T I O N

13   SAIED ZIAFATHY NOBAR,                  [21 U.S.C. §§ 841(a)(1),
                                            (b)(1)(C): Possession With Intent
14                  Defendant.              to Distribute Fentanyl]

15

16        The United States Attorney charges:

17              [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

18        On or about December 29, 2019, in Los Angeles County, within

19   the Central District of California, defendant SAIED ZIAFATHY NOBAR

20   //

21   //

22

23

24

25

26

27

28

1  knowingly possessed with intent to distribute N-phenyl-N-[1-(2-

2  phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II

3  narcotic drug controlled substance.

4

5                              TRACY L. WILKISON
                             United States Attorney

6

7

8                              SCOTT M. GARRINGER
                             Assistant United States Attorney
                             Chief, Criminal Division
9

10                             JOSHUA O. MAUSNER
                             Assistant United States Attorney
                             Deputy Chief, General Crimes
11                             Section

12                             KATHRYNNE N. SEIDEN
                             Assistant United States Attorney
13                             General Crimes Section

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28